NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ALAN MATTHEW CHAMPAGNE, *Appellant.*

No. 1 CA-CR 14-0320
FILED 2-10-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2012-048079-001
The Honorable Karen L. O'Connor, Judge

**CONVICTIONS AFFIRMED; SENTENCES CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Donn Kessler and Judge Kenton D. Jones joined.

J O H N S E N, Judge:

¶1 Alan Matthew Champagne was convicted of one count of kidnapping, a Class 2 felony; one count of misconduct involving weapons, a Class 4 felony; 24 counts of attempted first-degree murder, Class 2 felonies; 24 counts of aggravated assault, Class 2 felonies, and one count of discharge of a firearm at a structure, a Class 3 felony.[1] On appeal, Champagne does not dispute his convictions but argues this court should modify the written sentencing order to conform to the superior court's oral pronouncements at sentencing. The State confesses error, agreeing that the sentencing order should be amended to reflect the intent of the court when it orally pronounced sentence.

¶2 Review of the sentencing order and the sentencing transcript confirms that the sentencing order does not reflect the sentences the court orally imposed. "When there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls." *State v. Hanson*, 138 Ariz. 296, 304-05, 674 P.2d 850, 858-59 (App. 1983). Therefore, we affirm Champagne's convictions but modify the sentencing order only insofar as the following:

¶3 The sentences for the convictions on Count 2 (28 years) and Count 3 (12 years) shall be consecutive to each other;

¶4 The sentences for the convictions on Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48 and 50 (28 years

---

[1] Although the minute entry order labeled the count of discharge of a firearm at a structure as a Class 2 felony, the indictment, oral pronouncement of sentence and term of sentence clarify that Champagne was charged and convicted of knowingly discharging a firearm at a nonresidential structure, a Class 3 felony. *See* Ariz. Rev. Stat. § 13-1211(B) (2012).

each) shall be consecutive to each other and consecutive to the sentences for Counts 2 and 3;

¶5        The sentence for the conviction on Count 5 (28 years) shall be concurrent with the sentence on the conviction on Count 4, and consecutive to each of the other sentences;

¶6        The sentence for the conviction on Count 7 (28 years) shall be concurrent with the sentence on the conviction on Count 6 and consecutive to each of the other sentences;

¶7        The sentence for the conviction on Count 9 (28 years) shall be concurrent with the sentence on the conviction on Count 8, and consecutive to each of the other sentences;

¶8        The sentence for the conviction on Count 11 (28 years) shall be concurrent with the sentence on the conviction on Count 10, and consecutive to each of the other sentences;

¶9        The sentence for the conviction on Count 13 (28 years) shall be concurrent with the sentence on the conviction on Count 12, and consecutive to each of the other sentences;

¶10        The sentence for the conviction on Count 15 (28 years) shall be concurrent with the sentence on the conviction on Count 14, and consecutive to each of the other sentences;

¶11        The sentence for the conviction on Count 17 (28 years) shall be concurrent with the sentence on the conviction on Count 16, and consecutive to each of the other sentences;

¶12        The sentence for the conviction on Count 19 (28 years) shall be concurrent with the sentence on the conviction on Count 18, and consecutive to each of the other sentences;

¶13        The sentence for the conviction on Count 21 (28 years) shall be concurrent with the sentence on the conviction on Count 20, and consecutive to each of the other sentences;

¶14        The sentence for the conviction on Count 23 (28 years) shall be concurrent with the sentence on the conviction on Count 22, and consecutive to each of the other sentences;

¶15     The sentence for the conviction on Count 25 (28 years) shall be concurrent with the sentence on the conviction on Count 24, and consecutive to each of the other sentences;

¶16     The sentence for the conviction on Count 27 (28 years) shall be concurrent with the sentence on the conviction on Count 26, and consecutive to each of the other sentences;

¶17     The sentence for the conviction on Count 29 (28 years) shall be concurrent with the sentence on the conviction on Count 28, and consecutive to each of the other sentences;

¶18     The sentence for the conviction on Count 31 (28 years) shall be concurrent with the sentence on the conviction on Count 30, and consecutive to each of the other sentences;

¶19     The sentence for the conviction on Count 33 (28 years) shall be concurrent with the sentence on the conviction on Count 32, and consecutive to each of the other sentences;

¶20     The sentence for the conviction on Count 35 (28 years) shall be concurrent with the sentence on the conviction on Count 34, and consecutive to each of the other sentences;

¶21     The sentence for the conviction on Count 37 (28 years) shall be concurrent with the sentence on the conviction on Count 36, and consecutive to each of the other sentences;

¶22     The sentence for the conviction on Count 39 (28 years) shall be concurrent with the sentence on the conviction on Count 38, and consecutive to each of the other sentences;

¶23     The sentence for the conviction on Count 41 (28 years) shall be concurrent with the sentence on the conviction on Count 40, and consecutive to each of the other sentences;

¶24     The sentence for the conviction on Count 43 (28 years) shall be concurrent with the sentence on the conviction on Count 42, and consecutive to each of the other sentences;

¶25     The sentence for the conviction on Count 45 (28 years) shall be concurrent with the sentence on the conviction on Count 44, and consecutive to each of the other sentences;

**¶26** The sentence for the conviction on Count 47 (28 years) shall be concurrent with the sentence on the conviction on Count 46, and consecutive to each of the other sentences;

**¶27** The sentence for the conviction on Count 49 (28 years) shall be concurrent with the sentence on the conviction on Count 48, and consecutive to each of the other sentences;

**¶28** The sentence for the conviction on Count 51 (28 years) shall be concurrent with the sentence on the conviction on Count 50, and consecutive to each of the other sentences;

**¶29** The sentence for the conviction on Count 52 (20 years) will be consecutive to the sentences on all of the other counts.

**¶30** In all other respects, we affirm the written sentencing order.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama